State of Iowa, Appellee, v. James Davis et al.; William McClain, Appellant.

LARCENY: Recent Possession.   Evidence held to justify the court in instructing as to the effect of possession of recently stolen property.

*Appeal from Woodbury District Court.*—George Jepson, Judge.

November 1, 1920.

The above-named defendants were jointly indicted for the larceny of an automobile, a Cole Eight coupe.   The defendant William McClain was separately tried.   From a judgment of conviction, he has appealed.—*Affirmed.*

*George G. Yeaman,* for appellants.

*O. T. Naglestad,* County Attorney, and *O. D. Nickle,* Assistant County Attorney, for appellee.

Evans, J.—The automobile in question was stolen from a garage in Sioux City, on the night of July 10, 1919, some time after 11 P. M.   At 4 or 4:30 A. M. on the morning of July 11th, this defendant and six companions appeared at

the farm home of Martin Moeller, in Sioux County near Ireton, and obtained breakfast there. They had come in two automobiles, one of which was the stolen Cole car in question here; the other, a Cadillac. They came to the Moeller farmyard before the family was up, so that none of the Moeller family observed then who were the occupants of the Cole car. After breakfast, the party of seven left in the two cars, the Cole car being then occupied by James Davis, Red Burzette, and this defendant. Late in the evening of the following day, July 12th, the same party returned, and obtained supper at the same farm home. At this time, they were in the possession of the same Cadillac and Cole cars, and a Ford. During the night, five of the party left in the Cadillac car, leaving two of their number to guard a quantity of intoxicating liquors, which was also left behind. The Cole and the Ford cars were left at this Moeller farm home until the 21st day of July. On the latter date, it was taken by certain of these defendants, McClain not being present at that time. Public officers traced the car to Bonesteel, South Dakota. On July 24th, one Terrell, a state agent, appeared in quest of the car at Bonesteel, and later located the car there. This defendant was, at that time, present at Bonesteel, and left immediately upon the arrival of the state agent. The defendant was a witness in his own behalf, and denied the larceny and denied the possession. He testified, on cross-examination, that he left Sioux City, with his companions, at about 3:30 in the morning of July 11th. He also admitted that he was at Bonesteel on July 24th; that he had a sister living there; and that he had gone there to stay permanently; and that he left there on July 24th. The defendant admitted that he was one of the group that called at the Moeller home, but denied that he was one of the occupants of the Cole car. The foregoing is the substance of the testimony upon which the State bases a claim of possession of recently stolen property. The instructions were predicated upon this testimony, as tending to show possession of such property. The assignment of errors is based upon the in-

sufficiency of the evidence to justify a submission to the jury of the question of possession by this defendant of such automobile. We think the evidence was sufficient to go to the jury. Not only was it sufficient, but it was quite significant and persuasive. The evidence was very definite indeed that this defendant was one of the three persons in possession of the Cole car, as the party drove away from the Moeller farm. No explanation of such occupancy was attempted by the defendant, as a witness. We think that the rule as to the possession of property recently stolen was available to the State. This is the principal question presented in argument for the appellant. We have examined the record with care, and find no error therein. From such examination of the record, we find little room for doubt as to the guilt of the defendant. The judgment below is, therefore,—*Affirmed.*

WEAVER, C. J., PRESTON and SALINGER, JJ., concur.